UNITED STATES v. BARTLETT et al.

(District Court, E. D. New York. August 4, 1909.)

1. EMINENT DOMAIN (§ 237*)—CONDEMNATION OF LAND BY UNITED STATES—AWARD OF DAMAGES.

Awards of damages by commissioners for lands condemned by the United States for fortification purposes confirmed.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 233*)—CONDEMNATION PROCEEDINGS—DAMAGES.

The fact that a petition by the United States for condemnation of land states that it is to be used for "erecting fortifications and other purposes incidental thereto and connected therewith" does not preclude commissioners, in awarding damages, from considering the land in connection with adjoining land already owned by the government.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 233.*]

On Exceptions to Report of Commissioners.

William J. Youngs, U. S. Atty., and Selah B. Strong, Asst. U. S. Atty.

Lloyd M. Howell, for defendants.

CHATFIELD, District Judge. It would seem that the report should be confirmed. No erroneous theory of law or bias is shown, and the commissioners, while using considerable latitude in hearing testimony, did not show by the record any idea of unfair use of the evidence which was presented. The land taken is not extensive enough to permit of the erection of fortifications which would greatly damage adjoining property, if the land now owned by the government were actually covered by forts. Any use of the land already owned could not be considered as within the scope of this proceeding, and the damage suggested by the erection of guns would be principally the result of using the present reservation, which the government has the right to do. The evidence as to grading, etc., is only corroborative of the situation indicated above, and should not be judged by itself. Hence it was not error to receive it for proper consideration.

The questions of value and of actual conditions and possibility of use of the upland and beach raise issues of fact, which the commissioners, after viewing the land, had full authority to determine, and cannot be disturbed. It is doubtful if the cottagers have any title to use the beach in question, except by permission or lease from the owners, and the values shown by previous purchases did not cover any conveyance of such beach rights. No satisfactory evidence is offered that purchasers would not buy if they could not use the 96 feet of more or less sandy beach taken by the government, and testimony that all of the adjoining property would be substantially worthless, or that three-quarters of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value would be taken away by the ownership by the government of the land in question, is too speculative to be satisfactory.

The petition and decree state the object for which the land is condemned as "erecting fortifications and other purposes incidental thereto and connected therewith"; but the argument that this precludes the commissioners from considering the land to be taken in connection with that already owned, and the contention that the result must be viewed as if the present condemnation were separately for a tract to be used for mounting heavy guns, is unfounded, in view of the actual situation. The exact method of computation and the ratio of allowance is not indicated by the report; but the commissioners viewed the land, heard all the evidence, and apparently decided the issue of value thereon. Their determination, under the circumstances, is final, so far as this court is concerned, and the report will be confirmed.